## DAME *et al.* v. DAME *et al.*

If land be devised by one not shown to have any title, in trust for the benefit of a party in possession, no presumption arises from his continuing in possession, that he is in under the will.

A devise from one having neither title nor possession, is wholly inoperative.

Where, in an issue sent down from the Superior Court for trial, the party having the burden of proof, offers no evidence sufficient to sustain his cause, the court will order a verdict.

PETITION FOR PARTITION. Upon the trial of an issue sent by this court to the Court of Common Pleas, it appeared that the petitioners were the sons of the defendant, Timothy Dame, and grandsons of Jabez Dame, a copy of whose will, dated the 21st day of May, 1811, and proved on the 25th day of January, 1814, they exhibited in evidence. The will contained the following clauses:

"Item 5. I give my son Timothy ten dollars, to be paid soon after my decease."

"Item 10. I give my son Daniel the lands I own in the second division, where my son Timothy now lives, being one half of the original right of Benjamin Pierce and others; also my right in the fourth division of numbers ninety-six and ninety-four, that I purchased of Moses Roberts; and ninety-five, that I bought of Col. James Calef—which property I hereby direct my said son Daniel to appropriate for the benefit of my son Timothy and his family, for the children's education and settlement when they arrive at lawful age; leaving it discretionary with my son Daniel to deliver over the same, or profits arising therefrom, for the benefit of said Timothy and his family, when and to whom of them he shall think best."

The petitioners introduced, also, an office-copy of a collector's deed from Jonathan Dame to Jabez Dame, the testator, dated June 3, 1775, by which the grantor, as collector of taxes, assumed to convey to the testator that part of the lands which the will designates as half the right of Benjamin Pierce and others, in the 2d division. Also, an office-copy of a warrantee deed from Moses Roberts to the testator, dated on the 17th day of January, 1787, purporting to convey the lands named in the will, as being in the fourth division.

No evidence was offered to show that Jabez Dame, the testator, had ever been in possession of the property; but it appeared that before Timothy went into possession a portion of it had been cleared; by whom, it did not appear. Timothy had been in possession of the land described in the will, which is the same for the partition of which the petition was brought, about forty years.

Upon this evidence a verdict was ordered for the defendant, to which the petitioners excepted.

*Soule*, for the petitioners, contended that the evidence showed that the possession of Timothy was in subordination to the title of Jabez, and that the burden was upon

the former to show his possession to have been adverse, and cited 17 Mass. 68; 1 Pick. 114; 14 Mass. 53; 16 Pick. 177; 2 N. H. 50. That adverse possession is a fact to be proved. 9 Johns. 102; 13 Johns. 495; 14 Mass. 53. He contended that the verdict ought not to have been ordered, but that the evidence should have gone to the jury.

*Christie*, for the defendants.

WILCOX, J. The verdict was directed for the defendants upon the ground that the petitioners had failed to show any evidence of title. In this the Court of Common Pleas were clearly correct. The deeds purporting to convey the land to Jabez Dame, the testator, were the deeds of parties not shown to have had possession, title or power to convey. Jabez Dame was not shown to have had actual possession of the land, nor is there the slightest evidence that Timothy was in under him, or that he ever recognized his title in any form. He did not, so far as appears, claim under the devise, or ever admit that he was in under Daniel Dame, to whom the land was devised in trust for his benefit. There was nothing for the jury to consider. The verdict was, therefore, properly ordered, and must be certified by the Court of Common Pleas to this court.